DORRIS EDWARD WIGFALL and MABLE LENE WIGFALL, [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Wigfall v. Commissioner
Docket Nos. 1949-79, 11098-79.
United States Tax Court
T.C. Memo 1982-171; 1982 Tax Ct. Memo LEXIS 572; 43 T.C.M. (CCH) 978; T.C.M. (RIA) 82171; April 6, 1982. Dorris Edward Wigfall, pro se. M. K. Mortensen, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies of $ 2,883.00 and $ 866.08 in petitioners' Federal income tax for 1975 and 1976, respectively. [2] After concessions, at issue is (1) whether petitioners are entitled to a section 44[3] residence credit in 1975 and (2) whether petitioners must recognize any of the gain realized on the sale of a residence in 1975, and, if so, the amount to be recognized. [4]
*574 GENERAL FINDINGS OF FACT Some facts are stipulated and found accordingly. When their petitions herein were filed, petitioners, Dorris Edward Wigfall and Mable Lene Wigfall, resided in El Cajon, Calif.
Residence Credit
FINDINGS OF FACT As of January 1, 1975, petitioners lived in a house owned by them. However, they wanted to build a new house on a lot they owned on Shadow Knolls Drive, El Cajon, Calif. In January 1975, Dorris Edward Wigfall (hereinafter petitioner) had plans drawn for the new residence, which were checked by the local building department. On March 5, 1975, petitioners signed a contract with Colin Lunt for construction of the new house. Immediately, thereafter Colin Lunt began taking care of preliminary matters such as obtaining permits and surveying. Material purchases from La Mesa Lumber Company are reflected on invoices dated March 31, 1975, and April 2, 1975. During the first week in May 1975, the new house site was leveled. Local authorities inspected the grading on May 13, 1975. The house was completed on September 26, 1975. In his statutory notice of deficiency, respondent determined petitioners are not entitled to a section 44 new *575 residence credit in 1975. OPINION At issue is whether petitioners are entitled to a section 44 credit with respect to a new house constructed in 1975. Section 44(a) allows as a credit against tax an amount equal to 5 percent of the cost of a new principal residence, up to a maximum of $ 2,000. See sec. 44(b)(1). However, in order to qualify, the construction of the new principal residence must have begun before March 26, 1975. Sec. 44(e)(1)(A). The parties agree petitioners' new house became their principal residence, but they disagree as to whether construction of that new house was begun before March 26, 1975. What constitutes the beginning of construction is not set forth in the statute. However, section 1.44-2(a)(1)(i), Income Tax Regs., provides "construction is considered to commence when actual physical work of a significant amount has occurred on the building site of the residence." That regulation goes on to provide that merely obtaining architect's *576 sketches, securing building permits, and grading does not constitute a significant amount of actual construction. In this case, we are unable to find construction began before March 26, 1975. Petitioners bear the burden of proof, Rule 142(a), and presented no evidence that anything more than having plans drafted, hiring a contractor, and perhaps some surveying occurred before March 26, 1975. Those actions alone simply do not constitute the beginning of construction within the meaning of the statute and regulations. Sale of Old House
FINDINGS OF FACT On their Federal income tax returns for 1975 and four preceding years, petitioners claimed part (approximately 1/6) of their old house was used as a home office and deducted a total of $ 935 as depreciation with respect thereto. On their Federal income tax return for 1975, petitioners reported the old house was sold on September 22, 1975, for $ 28,610 ($ 29,500 - $ 890 selling expenses); their adjusted basis in the old house was $ 22,754; and a new house was constructed in 1975 for $ 108,156. Petitioners claimed the $ 5,856 realized gain from the sale of the old house was not required to be recognized pursuant to section *577 1034. In his statutory notice of deficiency, respondent determined $ 1,151 of the realized gain must be recognized as being attributable to the home office part of the old house. In determining the percentage of the basis and selling price attributable to the old house, respondent used yearly depreciation times 25 years -- the useful life used by petitioners in claiming depreciation deductions on their Federal income tax returns. [5]
*578 OPINION At issue is whether petitioners must recognize any of the gain realized on the sale of their old house, and, if so, how much. The parties agree the gain realized attributable to the part of the old house not used as a home office qualifies for section 1034(a) nonrecognition. However, they disagree as to whether the gain realized attributable to the home office must be recognized, and, if so, how the amount of the gain so attributable should be calculated. Section 1034(a) provides, as a general rule, for nonrecognition when the gain from the sale of a principal residence is rolled over to a new principal residence within a set time. However, where part of the residence sold was used as the taxpayer's principal residence and part was used for other purposes, only the realized gain attributable to the part used as the principal residence is entitled to section 1034(a) nonrecognition. Sec. 1.1034-1(c)(3)(ii), Income Tax Regs.[6]
*579 Petitioners contend that since the home office related to a "profession" rather than a "business," there was no business use of the old house. We disagree. For purposes of section 1034(a), it is nonresidential use which triggers recognition, whether that use be in a "business" or a "profession." [7] Thus, petitioners must recognize the portion of their realized gain which is attributable to the portion of their old house used as a home office. [8]
*580 Neither the statute nor the applicable regulation provides any method for determining what portion of a realized gain is attributable to the nonresidential use of the old residence. Section 1.1034-1(c)(3)(ii), Income Tax Regs., merely states "an allocation must be made." Petitioners maintain respondent's allocation is wrong because it allocates amount realized and adjusted basis to the home office portion of petitioners' old residence as if home office use existed for the entire 25 year useful life of the old residence while, in fact, home office use only occurred in five of the years petitioners owned their old residence. [9] Respondent makes no argument supporting his allocation. Rather, he maintains petitioners abandoned any claim with respect to the section 1034 issue, because they presented no evidence with respect thereto at trial. We cannot find petitioners abandoned this issue. While no evidence relevant hereto was adduced at trial, apart from petitioners' returns and the notice of deficiency which were stipulated, *581 none was necessary. Petitioners do not challenge the base figures used by respondent in his statutory notice of deficiency, and those are the figures which would apply upon a failure of petitioners to carry their burden of proof. See Welch v. Helvering,290 U.S. 111 (1933). Petitioners raise a legal question (the proper allocation formula), not a factual question (the figures to be used in that formula.) Petitioners' position clearly was set forth in their opening brief. Yet, respondent, finding that "petitioner's brief raises no new points," declined to file a reply brief. Given the myriad of logical formulae one could devise for section 1034 allocations, the lack of any decided cases addressing the allocation formula issue, and the absence of any guiding regulations, we are, at the very least, hesitant to decide such an important legal issue without full participation by the parties. As we see it, respondent's sole position with respect to the allocation issue is that petitioners abandoned their argument. We have found they did not. [10] Therefore, we hold petitioners are entitled to the allocation formula advanced by them, and must recognize $ 607.62 *582 of the gain realized from the sale of their old residence. [11]
To reflect concessions and the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. These cases, which are consolidated for trial, briefing, and opinion, were tried originally, in part, before Judge William H. Quealy, who retired. Subsequently, a trial denovo↩ was held before Judge William M. Fay.
2. Of the $ 2,883 deficiency determined for 1975, $ 280 is an increased deficiency asserted by amended answer. The issue raised in that amended answer has been conceded by petitioners. By answer, respondent determined petitioners are liable for a sec. 6651(a) addition to tax of $ 390.45 for 1975. Respondent since has conceded that addition to tax. ↩
3. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
4. A third issue concerning contributions made to the little league, a fraternity, and a sorority remained unsettled at trial. However, petitioners bear the burden of proof, Rule 142(a), and offered no evidence with respect to those contributions. Thus, respondent's determination must be sustained.↩
5. The amount to be recognized was calculated in respondent's statutory notice of deficiency as follows: ↩
(1)
Cost basis -- old house
($ 22,754 - $ 2,754 attributable to land)
$ 20,000 (2)
Depreciation basis in home office
($ 187 yearly depreciation X 25 years)
4,675 (3)
Percentage cost basis allocable to home
office ($ 4,675 / $ 20,000)
23.3%
(4)
Land basis allocable to home office
(23.3% of $ 2,754)
644 (5)
Original basis in home office
($ 4,675 + $ 644)
5,319 (6)
Adjusted basis in home office
($ 5,319 - $ 935 claimed depreciation)
4,384 (7)
Sales price allocable to home office
(23.3% of $ 28,610)
6,686 (8)
Gain on home office
($ 6,686 - $ 4,384)
2,302 (9)
Gain recognized
($ 2,302 - 50% capital gains deduction)
1,151 6. Minor nonresidential use may not bar total nonrecognition. See Grace v. Commissioner,T.C. Memo. 1961-252↩.
7. We do not mean to imply that there is any real distinction between a "business" and a "profession" in the context of this case. ↩
8. Petitioners' home office deductions were taken for years before the current section 280A strictures on such deductions were effective. In Rev. Rul. 82-26 (Situation 2), 1982-6 IRB 5, respondent held that a taxpayer who took home office deductions under old law, but was ineligible for them under current law, did not have to make any allocation under sec. 1.1034-1(c)(3)(ii), Income Tax Regs. While that ruling implies that home office use not qualifying under current sec. 280A does not rise to a level sufficient to require a nonresidential use allocation, the taxpayer discussed in that revenue ruling sold his old residence after the new law became effective. Thus, at the time of sale no deductible business use was present. In this case, petitioners were still claiming home office deductions when they sold their old residence.Such may be a distinction without a difference. Nevertheless, petitioners make no argument under Rev. Rul. 82-26, supra,↩ and have presented no evidence from which we could conclude whether they would have qualified for home office deductions had current sec. 280A been in effect when they took their deductions.
9. Petitioners maintain home office use was for three years; however, they took deductions with respect thereto for five years.↩
10. The Court, acknowledging the confused history of this case, informed respondent's counsel that the allocation issue was properly before the Court. However, no meaningful response was forthcoming. ↩
11. The $ 607.62 gain figures results from using the number of business use years (5) in the allocation formula rather than the useful life of 25 years, and takes into account the 50 percent capital gains deduction. We in no way mean to imply the formula used is the correct one under sec. 1034-1(c)(3)(ii), Income Tax Regs.↩